In re Guardianship of Conley, a Minor.

(No. 21797—Decided November 26, 1966.)

Probate Court of Preble County.

Mr. *John E. Fulker*, for the guardian.
Mr. *Everett Fahrenholz*, for the movant.

ZIEGEL, J. This matter pends upon a motion to remove James Wesley Kingery as guardian of the person and estate of John Samuel Conley, a minor of the age of one year.

On September 3, 1966, as a result of a motor vehicle accident, both parents of the child, John Wesley Conley, were killed. These folks were legal residents of Preble County, Ohio. On September 7, 1966, the said James Wesley Kingery filed an application in this court for letters of guardianship for the child. Kingery is the husband of the child's mother's sister, and, according to the testimony received in the instant case, had been selected by the maternal side of the family to take this step.

No notice of this application was served upon anyone, and the guardian was appointed forthwith. Section 2111.04, Revised Code, does not require notice on anyone under the circumstances here outlined, since the child is under fourteen year of age, both of his parents were deceased, and he had no next of kin resident of Preble County. On September 7, 1966, this child's only next of kin was a paternal grandmother who lives in Kentucky, and maternal grandparents who reside in Miami County, Ohio, neither of whom are entitled to notice. See Section 2105.06 (G), Revised Code.

Movant is a paternal uncle of John Wesley Conley, and a resident of Lorain County, Ohio. The motion to remove was filed on October 7, 1966.

Section 2111.46, Revised Code, provides that: "When a guardian has been appointed for a minor before such minor is over fourteen years of age, such guardian's power shall continue until the ward arrives at the age of majority, unless removed for good cause. * * *" Section 2109.24, Revised Code, provides what constitutes good cause, and insofar as the present case is concerned, the only part of this section which might be applicable is that which reads, "because the interest of the trust demands it," movant's motion alleging that "said appointment is not in the best interests of said child."

When a fiduciary is once appointed, a removal cannot be had except for the reasons and upon the ground set out in the statute and these alone, and in the manner prescribed. 24 Ohio Jurisprudence 2d, 197, par. 321. No question has been raised in the instant case about the validity of the guardian's appointment. The burden of proof is therefore on the movant to show that the interests of the guardianship, either as to the guardianship of the estate or as to the guardianship of the person, demand the removal of the presently duly appointed, qualified and acting guardian. Such showing must be substantial, consisting of evidence that will clearly convince the court that the interests of the ward cannot be preserved except by the removal. *France* v. *Frantz*, 4 O. N. P. 278, 6 O. D. N. P. 555.

In the present case the testimony adduced did not in any way show that the present guardian is not a suitable person to be guardian, that he is not capable adequately of performing his duties either as guardian of the person or as guardian of the estate of the infant ward. The most that can be said of the testimony before the court is that the movant conceivably might make a better guardian. Such evidence, the court now holds, is not sufficient to warrant the removal of the present guardian.

It has been suggested that in a case like this, the conclusions herein reached will encourage a "race to the court house," that the guardian for an infant orphan ought to be the best interested person available—one who will best serve the interests of the child, and not the one who reaches the court house first. To carry such a suggestion to its logical conclusion would require that in almost every case where a nonparent sought to be appointed guardian of a minor ward, the court would, on its own motion, have to find out who the relatives of the child were, which of them was interested and legally qualified, and then received evidence as to which of the latter group was best suited to be guardian. The confusion and delay that would arise from such procedures are self-evident. Compliance with existing statutes furnishes ample protection for the minor ward.

Counsel for the guardian may prepare an entry in accordance with this opinion. Since the judicial inquiry here conducted did clarify the qualifications of the present guardian, costs of these proceedings will be assessed to the guardianship.

*Motion overruled.*